IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01241-JLK-CBS

COMPLIANCE MARKETING, INC.,
COMPLIANCE SERVICES OF EAST TEXAS,
CONNIE D. HAGEN, INC.,
d/b/a DATCS: DRUG & ALCOHOL TESTING COMPLIANCE SERVICES,
DRUG TESTING, INC.,
FLEETSCREEN, LTD.,
KRISTINA CONSULTING GROUP, LLC,
PANHANDLE EMPLOYERS SERVICES, INC.,
ROBERTA MARIE KERN,
d/b/a COMPLIANCE DRUG & ALCOHOL TESTING, and
PROFESSIONAL COMPLIANCE & TESTING, LLC,

      Plaintiffs,

v.

DRUGTEST, INC. d/b/a DISA, INC.,
DRUGTEST, INC., d/b/a DRUG INTERVENTION SERVICES OF AMERICA, INC.,
BP AMERICA, INC.,
CHS, INC.,
CONOCOPHILLIPS COMPANY,
MARATHON PETROLEUM COMPANY LLC,
MARATHON OIL COMPANY,
EQUILON ENTERPRISES LLC, d/b/a SHELL OIL PRODUCTS US,
SUNOCO, INC.,
TESORO COMPANIES, INC.,
VALERO ENTERGY CORPORATION,
APACHE CORPORATION,
ENCANA OIL & GAS (USA) INC.,
SHELL EXPLORATION & PRODUCTION COMPANY,
STONE ENERGY CORPORATION, and
CHEVRON U.S.A., INC.,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

      Each Party and each Counsel of Record stipulate and move the Court for entry of this

Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of information produced in discovery in this action, and, as grounds therefor, stipulate and agree as follows:

1.       All documents, information, data, testimony and other material produced or disclosed in discovery in this action, whether or not designated as "Confidential Information" or "Highly Confidential Information," shall be used solely for purposes of this action and shall not be disclosed or used for any other purpose.

2.       In this action, at least one of the Parties has sought and/or is seeking Restricted Information (as defined in paragraph 3 below). The Parties also anticipate seeking additional Restricted Information during discovery and that there will be questioning concerning Restricted Information in the course of depositions. The Parties assert the disclosure of such information except as permitted by this Stipulation and Protective Order could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Restricted Information except as set forth herein.

3.       "Restricted Information" means and includes "Confidential Information" and "Highly Confidential Information" as defined in this paragraph.

       a.       "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below as containing confidential, proprietary or commercially or personally sensitive information that requires the protections provided in this Stipulation and Protective Order.

b. "Highly Confidential Information" is "Confidential Information" as defined herein that, in addition to meeting the definition of "Confidential Information," also includes information of a competitively-sensitive nature in which the producing party has a legitimate private interest such that disclosure would result in serious competitive injury to the producing party. The designation by a party and that party's attorney of "Confidential Information" and/or "Highly Confidential Information" shall also constitute a certification by the attorney for that party as set forth in Rule 26(g) of the Federal Rules of Civil Procedure.

4. Where Confidential or Highly Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the below manner; provided, however, that a Party's inadvertent failure to designate any material as Confidential Information or Highly Confidential Information shall not be deemed a waiver of that Party's claim that such material is Confidential Information or Highly Confidential Information and such Party that inadvertently fails to designate material as Confidential Information or Highly Confidential Information pursuant to this Order shall have fifteen (15) business days from the discovery of its oversight to designate that material as Confidential Information or Highly Confidential Information as appropriate.

5.

a. By imprinting the term "Confidential" or "Highly Confidential," as appropriate, on the first page or cover of any document produced, provided, however, that only that portion of the document, file or other material that constitutes Confidential or Highly Confidential Information shall be so designated;

b. By imprinting the term "Confidential" or "Highly Confidential," as

appropriate, next to or above any response to a discovery request; and

      c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Highly Confidential," as appropriate, no later than ten calendar days after receipt of the transcribed testimony.

      d.      If a party believes that a deposition question calls for Highly Confidential Information, Counsel for that party shall, before the witness answers, so state in order that any persons who are in attendance who are not authorized under this Stipulation and Protective Order to have access to such Highly Confidential Information may absent themselves for the duration of the testimony containing Highly Confidential Information.

6.      Confidential Information may be disclosed only to the following persons:

      a.      Outside counsel of record for the parties and regular employees of such attorneys or their firms to whom it is necessary and in the regular course of business that such material be shown for purposes of this litigation, and one designated inhouse counsel for each party and any employees providing paralegal, secretarial, or similar support to that designated inhouse counsel, including service providers such as electronic discovery vendors, printing and document duplicating or management services;

      b.      Actual or potential independent experts or consultants retained by a party for purposes of this litigation who have signed an affidavit in the form of Exhibit A hereto prior to the disclosure of Confidential Information to them, provided that such experts or consultants are not employed by a competitor of the producing party at the time of disclosure. "Independent" for purposes of this paragraph refers to a person who is not otherwise employed by, is not an officer or director of, and does not have an ownership interest in the party by which he or she is retained in this litigation. A person is "employed

by" a party if that person is on the regular payroll of the party;

   c.  Employees of parties to this litigation who are actively engaged in assisting counsel with the prosecution or defense of the case, but only after being admonished by counsel that they are subject to the terms of this Stipulation and Protective Order;

   d.  Witnesses and potential witnesses in connection with testimony in this litigation, but only to the extent that the use and disclosure of Confidential Information to the witness or potential witness is necessary to determine the witness's knowledge of relevant facts or for the witness to testify.  Before any witness or potential witness may be allowed to have a copy of any Confidential Information outside the presence of counsel to one of the parties to this case, the witness or potential witness must sign an affidavit in the form of Exhibit A hereto;

   e.  The Court, the jury at trial, and the Court's personnel working on this case;

   f.  Court reporters, videographers, and their clerical personnel in connection with work on this case; and

   g.  Any other person authorized to have access by Order of the Court, or by written agreement of all parties.

  7.  Highly Confidential Information may be disclosed only to persons described in paragraph 5(a), (b), (e), (f) and (g), under the terms and conditions therein specified, and in paragraph 5(d) where the witness or potential witness is an author or recipient of the material in question, or if the witness personally viewed the document in the course of his or her employment with the party producing the information in question.

  8.  Individuals authorized to review Restricted Information pursuant to this Protective Order shall hold it in confidence and shall not divulge it, either verbally or in writing, to any other

person, entity or government agency unless authorized to do so by court order.

9.     The Party's counsel who discloses Restricted Information received from another party in discovery shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Restricted Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Restricted Information, and shall maintain a list of all persons to whom any Restricted Information is disclosed.

10.     During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Restricted Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

11.     No copies of Restricted Information shall be made except by or on behalf of counsel in this litigation (as indicated in paragraph 5(a) above) and such copies shall be made and used solely for purposes of this litigation.

12.     During the pendency of this litigation, counsel shall retain custody of Restricted Information, and copies made therefrom pursuant to paragraph 10 above, provided, however, that independent experts and consultants retained by a Party for the purpose of the litigation may have copies in connection with their work on this case.

13.     If a Party objects to the designation of certain information as Confidential or Highly Confidential Information, that Party shall promptly inform the other Parties in writing of the objection. All counsel shall then, in good faith and on an informal basis, attempt to resolve such

dispute. If after such good faith attempt, the dispute remains unresolved, the Party opposing the designation may move for a disclosure order consistent with this Order. The information shall continue to have its designated status as Confidential or Highly Confidential Information, as the case may be, from the time it is produced until the ruling by the Court on the motion. Regardless of which Party files the motion, the burden shall be on the Party that made the designations to establish the appropriateness under this Order of the designations.

14.     In the event Restricted Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its Restricted status as between the parties through such use. Any party wishing to file a pleading or brief quoting or discussing Restricted Information shall inform the producing party at least three (3) business days before doing so. If the producing party wishes the Restricted Information to be sealed, it shall promptly so advise the party wishing to file it and furnish the party wishing to file it with information sufficient to move for a sealing order, and such filing party shall request that the Restricted Information be sealed through a motion in compliance with the requirements of D.C.COLO.LCivR 7.2 and 7.3, setting forth the basis for such treatment  under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). A pleading or brief quoting or discussing Restricted Information as to which a motion to seal has been filed will be submitted under seal until the motion to seal is decided by a judicial officer. The producing party may respond to any opposition to sealing in accordance with the deadlines specified by the Local Rules or as ordered by the Court.

15.     The inadvertent production or disclosure of any information a Party later claims should have been withheld on grounds of a privilege, including but not limited to the attorney-client

privilege or work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Information") shall not be deemed to waive any privilege or work product protection. A Party may request the return of any Inadvertently Produced Information by identifying the Inadvertently Produced Information and the basis for withholding such information from disclosure. If a Party requests the return, pursuant to this paragraph, of Inadvertently Produced Information then in the custody of one or more other Parties, the possessing Parties shall not make further use of the Inadvertently Produced Information until such time as the Court has ruled on a motion for an order on the privilege objections. Such a motion shall be brought within fifteen (15) business days of the request for return. Should no such motion be brought, or should the Court sustain the objections, all parties in possession of the materials shall, within five (5) business days of that ruling (or, in the case of no motion having been brought, five (5) business days of the expiration of the fifteen (15) day period described above), destroy or return to the producing Party the Inadvertently Produced Information and all copies thereof, and shall destroy and/or expunge from any other document or material information solely derived from the Inadvertently Produced Information.

16.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Restricted Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

17.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

18.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Restricted Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or

shall at such Party's option destroy all such Restricted Information, and all extracts, abstracts, charts, summaries, notes and copies made therefrom, and shall certify in writing to the producing party that such destruction has been accomplished. However, the attorney shall be allowed to keep a complete set of all pleadings and correspondence even if those documents include reference to or inclusion of Restricted Information. At that time, counsel shall also file under seal with this Court the list of individuals who have received Restricted Information which counsel shall have maintained pursuant to paragraph 8 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Restricted Information has been destroyed.

19. Nothing in this Protective Order shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its own Restricted Information; (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery in the above-captioned action, whether or not such documents, materials, or information are also obtained through discovery in the above-captioned action, (c) preclude the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Restricted Information; (d) preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, (e) prohibit a Party from producing Restricted Materials in its possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information; provided that, unless prohibited by law, prior to such production, timely notice of such subpoena and a copy of the subpoena and all written materials accompanying its service shall be given to the Party that had produced the Restricted Material to afford the designating Party a reasonable opportunity to seek relief from the court or take such other action as it deems appropriate with respect to the subpoena;

or (f) preclude any Party from filing a motion with respect to the manner in which Restricted Information shall be treated at trial.

DATED at Denver, Colorado, this 23rd day of November, 2009.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED:**

*s/ Frances A. Koncilja*
Frances A. Koncilja
KONCILJA & ASSOCIATES, P.C.
800 18th Street, Suite 300
Denver, CO   80202
Telephone:  (303) 675-0900
Facsimile:  (303) 675-0401
E-mail:          fkoncilja@koncilja.com


*Attorneys for Plaintiffs*


*s/ Laurence E. Stuart*
Laurence E. Stuart
STUART & ASSOCIATES P.C.
3420 Houston Center
1221 McKinney Street
Houston, TX  77010
Telephone:  (713) 600-4957
Facsimile:  (713) 481-6320
E-mail:  lstuart@stuartpc.com

*Attorney for Plaintiff*

*s/ Joseph Y. Ahmad*
Joseph Y. Ahmad
AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.
3460 Houston Center
1221 McKinney Street
Houston, TX  77010
Telephone:  (713) 655-11-1
Facsimile:  (713) 655-0062
E-mail:          joeahmad@azalaw.com


*Attorneys for Plaintiffs*


*s/ Thomas R. Ajamie*
Thomas R. Ajamie
AJAMIE LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX  77002
Telephone:  (713) 860-1600
Facsimile:  (713) 860-1699
E-mail:  tajami@ajamie.com

*Attorney for Plaintiffs*

s/ *Rebecca H. Noecker*
Rebecca H. Noecker
Michael L. Beatty
BEATTY & WOZNIAK, P.C.
216 Sixteenth Street, Suite 1100
Denver, Colorado  80202-5115
Telephone:  (303) 407-4499
Facsimile:  (303) 407-4494
E-mail:          mbeatty@bwenergylaw.com
          rnoecker@bwenergylaw.com

*Attorneys for Apache Corporation*

s/ *Richard G. Sander*
Richard G. Sander, #12504
SANDER INGEBRETSEN & WAKE, P.C.
1660 17th Street #450
Denver, CO  80202
Telephone:  (303) 285-5300
Facsimile:  (303 285-5301
Email:rsander @siwlegal.com

Robert L. Hickok
Barbara T. Sicalides
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103
Telephone:  (215) 981-4000
Facsimile:  (215) 981-4750
E-mail hickokr@pepperlaw.com
          sicalidb@pepperlaw.com

*Attorneys for Defendant Sunoco, Inc. (R&M)*

*s/ John A. Francis*
John A. Francis
Michael J. Gallagher
Jeffrey S. Vail
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth St., Suite 500
Denver, CO  80202
Telephone:  (303) 892-9400
Facsimile:  (303) 893-1379
E-mail:        john.francis@dgslaw.com
              mike.gallagher@dgslaw.com
              jeff.vail@dgslaw.com

*Attorneys for Defendant BP America Inc.*

*s/James M. Lyons*
James M. Lyons
ROTHGERBER JOHNSON & LYONS LLP
1200 17th St., Suite 3000
Denver, CO  80202-5855
Telephone:  (303) 628-9546
Facsimile:  (303) 628-9222
E-mail:        jlyons@rothgerber.com

D. Bruce Hoffman (admitted 8-17-09)
Ryan A. Shores (admitted 8-17-09)
HUNTON & WILLIAMS LLP
1900 K St., N.W.
Washington, D.C. 20006-1109
Telephone:  (202) 955-1619
Facsimile:  (202) 861-3688
E-mail:        bhoffman@hunton.com
              rshores@hunton.com

*Attorneys for Drug Test, Inc. d/b/a DISA, Inc.
and d/b/a Drug Intervention Services of
America, Inc.*

s/ *Rufus W. Oliver III*
Rufus W. Oliver III
Amy Pharr Hefley
BAKER BOTTS L.L.P.
910 Louisiana Street
One Shell Plaza
Houston, TX 77002
Telephone: (713) 229-1366
Facsimile: (713) 229-7866
E-mail:        rufus.oliver@bakerbotts.com
        amy.hefley@bakerbotts.com

*Attorneys for Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US and Shell Explorations & Production Company*

s/ *James E. Hartley*
James E. Hartley
Scott S. Barker
M. Antonio Gallegos
HOLLAND & HART LLP
P.O. Box 8749
555 17th Street, No. 3200
Denver, CO 80201-8749
Telephone: (303) 295-8000
Facsimile: (303) 295-8261
E-mail:        jhartley@hollandhart.com
        sbarker@hollandhart.com
        agallegos@hollandhart.com

*Attorneys for Defendants Marathon Petroleum Company, LLC and Marathon Oil Company*

s/ *Bobbee J. Musgrave*
Bobbee J. Musgrave
Meredith A. Johnston
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203-4541
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
E-mail:        bobbee.musgrave@hro.com
        meredith.johnston@hro.com

s/ *Mark E. Harris*
Mark E. Harris
Kathleen M. Byrne
Francine M. Mugge
TREECE, ALFREY, MUSAT & BOSWORTH, P.C.
999 Eighteenth Street, Suite 1600
Denver, CO 80202
Telephone: (303) 292-2700
Facsimile: 9303) 295-0414
E-mail:        Mharris@tamblaw.com
        kbyrne@tamblaw.com
        fmugge@tamblaw.com

*Attorneys for Defendant CHS, Inc.*

s/ *Steven J. Kaiser*
George S. Cary
Steven J. Kaiser
Nicole Manara
CLEARY, GOTTLIEB, STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
E-mail:        gcary@cgsh.com
        skaiser@cgsh.com
        nmanara@cgsh.com

*Attorneys for Defendant ConocoPhillips Company*

s/ *Gregory J. Kerwin*
Gregory J. Kerwin
K. Casey Lewis
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5700
Facsimile: (303) 313-2829
E-mail:        gkerwin@gibsondunn.com
        klewis@gibsondunn.com

s/ *Heather Carson Perkins*
Heather Carson Perkins
Jeffrey S. Roberts
FAEGRE & BENSON
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203-4532
Telephone:  (303) 607-3500
Facsimile:  (303) 607-3600
E-mail:        hperkins@faegre.com
        jsroberts@faegre.com

James A. Reeder
Stacey Neumann Vu
VINSON & ELKINS LLP
First City Tower
1001 Fannin Street
Houston, TX 77002-6760
Telephone:  (713) 758-2202
Facsimile:  (713) 615-5947
E-mail:        jreeder@velaw.com

*Attorneys for Defendant Stone Energy Corporation*

 s/ *Richard M. Butler*
Richard M. Butler
Emerson Banack, Jr.
Sara Murray
Sylvia A. Cardona
Jerry J. Fulton
LANGLEY & BANACK, INC.
745 East Mulberry, Suite 900
San Antonio, TX  78212-3166
Telephone:  (210) 736-6600
Facsimile:  (210) 735-6889
E-mail:        rbutler@langleybanack.com
        ebnack@Langleybanack.com
        smurray@langleybanack.com
        jfulton@langleybanack.com

Todd R. Seelman
Jamie N. Cotter
GRIMSHAW & HARRING, P.C.
1700 Lincoln Street
Wells Fargo Center, No. 3800
Denver, CO  80203-4538
Telephone:  (303) 839-3800
Facsimile:  (303) 839-3838
E-mail:        seelman@grimshawharring.com
        jnc@grimshawharring.com

*Attorneys for Defendant Valero Energy Corporation*

## EXHIBIT A

## <u>AFFIDAVIT</u>

STATE OF _____ )
                                 ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

I have read the Protective Order in *, a copy of which is attached to this Affidavit.

1.       I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Restricted Information as defined in the Protective Order.

2.       I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Restricted Information shown or told to me except as authorized in the Protective Order. I will not use the Restricted Information for any purpose other than this litigation.

3.       For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

4.       I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type)

<u>Address:</u>

_____
_____
_____
Telephone No.:_____

SUBSCRIBED AND SWORN TO, before me, this _____ day of 2009, by

_____.

WITNESS my hand and official seal.

_____
Notary Public

My Commission Expires: _____